IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse M. James, ) | C/A No.: 1:13-211-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Lancaster County Detention Center, ) | |
| Sheriff Barry Faile; and Mrs. Deborah Horne, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *pro se* plaintiff, Jesse M. James, brings this civil action *in forma pauperis* and pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights with regard to the conditions of his confinement while he was housed at the Lancaster County Detention Center. As of the date of this order, the defendant is incarcerated at the Kirkland Correctional Institution awaiting his transfer to a permanent facility within the South Carolina Department of Corrections. The plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that defendant Lancaster County Detention Center should be summarily dismissed because it is not a proper party defendant in this § 1983 action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so.

The Magistrate Judge suggests, and this court agrees, that defendant Lancaster County Detention Center should be dismissed because it is not a proper party defendant in this § 1983 action. Specifically, the Lancaster Sheriff's Department is not a "person" amenable to suit under 42 U.S.C. § 1983.

The court has conducted a *de novo* review of the plaintiff's objections to the Report. The plaintiff concedes that the Lancaster County Detention Center is a facility and not a person and he asserts that his "objection is an objection and not an objection..." and that he does not want the individual defendants, Sheriff Faile and Ms. Horne, to be dismissed.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, defendant Lancaster County Detention Center is dismissed from this action without prejudice and without issuance and service of process.

The Clerk shall return this file to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

July 30, 2013                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

2