IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse M. James, ) | C/A No.: 1:13-211-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Sheriff Barry Faile; and Mrs. Deborah ) | |
| Horne, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jesse M. James, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He alleges Sheriff Barry Faile and Deborah Horne ("Defendants") violated his constitutional rights while he was incarcerated at Lancaster County Detention Center ("LCDC"). This matter comes before the court on (1) Plaintiff's motion to compel [Entry #49]; and (2) Plaintiff's motion to appoint counsel [Entry #57]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Plaintiff's motion to compel

In his motion to compel, Plaintiff seeks responses to discovery requests served on July 4, 2013. Defendants' response indicates that on November 1, 2013, they served responses to the July 4, 2013 discovery requests, and Defendants attached a copy of the responses. [Entry #51-2]. Plaintiff did not file a reply indicating that he believed the

responses were deficient. Therefore, to the extent Plaintiff's motion to compel seeks responses to the July 4, 2013 discovery, his motion is denied as moot.

Plaintiff's motion also lists additional interrogatories to which he seeks responses, but he does not indicate that he has previously served these discovery requests. Plaintiff's motion must be denied, as Defendants argue [Entry #51], and Plaintiff does not dispute, that Plaintiff has not served such discovery requests.

The undersigned notes that, pursuant to the third amended scheduling order, all discovery requests were to be served in time for the responses thereto to be served by December 4, 2013. [Entry #54]. The undersigned has granted three motions by Plaintiff requesting extensions of time to complete discovery totaling five months. Plaintiff has had ample time to conduct discovery and the undersigned does not anticipate granting further extensions.

II.     Plaintiff's motion to appoint counsel

Plaintiff moves for the court to appoint him counsel. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is an indigent pro se prisoner with limited legal knowledge and access to legal resources. [Entry #57].

These are typical complaints by prisoners seeking to pursue civil cases pro se in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 14, 2013                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

3