IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse M. James, | C/A No.: 1:13-211-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Sheriff Barry Faile and Mrs. Deborah Horne, | |
| Defendants. | |

Plaintiff Jesse M. James, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He alleges that Sheriff Barry Faile and Deborah Horne ("Defendants") violated his constitutional rights while he was incarcerated at the Lancaster County Detention Center ("LCDC"). This matter is before the court on Defendants' motion for summary judgment. [ECF No. 73]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 74]. To date, Plaintiff has not filed a response to Defendants' motion.[1]

All pretrial proceedings in this case were referred to the undersigned pursuant to

---

[1] Plaintiff's original deadline to respond to Defendants' summary judgment motion was May 8, 2014. [ECF No. 74]. The court extended Plaintiff's deadline to file his response on May 13, 2014, July 11, 2014, and August 18, 2014. [ECF Nos. 84, 88, 94]. On August 18, 2014, the undersigned denied Plaintiff a six-month extension but granted him until September 17, 2014, to file a response. [ECF No. 94]. The undersigned advised Plaintiff that no further extensions would be granted. *Id.* Plaintiff appealed the August 18, 2014, order to the district judge. [ECF No. 96]. On October 21, 2014, the Honorable Joseph F. Anderson, Jr., United States District Judge, dismissed Plaintiff's appeal. [ECF No. 98].

the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.     Factual Background

Plaintiff complains about the conditions of his confinement during his incarceration at LCDC. [ECF No. 29-1 at 1]. Plaintiff alleges that: (1) he was only allowed recreation one day per week and was shackled with other inmates during this recreation; (2) inmates were placed in danger by being restrained in their cells for up to five minutes while their cellmates were present, prior to being released from the cell; (3) he had to wait between five and seven minutes before flushing the toilet once it had been flushed; (4) he was housed in a cell with a toilet that did not flush for four days in 2011; (5) there were gnats and mold in all the showers, and inmates did not have the proper material to sanitize the showers; (6) there was mold on the ceiling, wall panel, and floor; (7) there was no law library or grievance procedure; (8) he could not receive religious pamphlets and other mail sent by his mother; (9) the security call button could not be reached by hand in several cells; and (10) there was no mental health center caseworker or mental health treatment "located at the detention center." [ECF Nos. 29; 29-1 at 1–7]. Plaintiff seeks monetary damages for permanent physical, mental, and psychological injuries that he allegedly sustained as a result of the above conditions. [ECF No. 29-1 at 7].

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

As an initial matter, the undersigned recommends Defendants' motion for summary judgment be granted as unopposed. Further, a merits review of the motion entitles Defendants to summary judgment.

        1.    Failure to Exhaust

Defendants contend that they are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). [ECF No. 73-1 at 9–11]. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must avail himself of every level of available administrative review, *see Booth v. Churner*, 532 U.S. 731 (2001), and "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative

4

remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants offer the affidavit of LCDC Administrator Deborah Horne. [ECF No. 73-2 at 1]. Horne states that LCDC has an established grievance procedure that is communicated to all detainees. She states that Plaintiff did not write any grievances regarding the allegations in his amended complaint, and she attaches Plaintiff's grievance file. *Id.* at 4; ECF No. 73-6. Plaintiff has not offered any evidence disputing Defendants' claim that he failed to exhaust his administrative remedies. Therefore, the undersigned recommends that Defendants be granted summary judgment. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (finding that "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

### 2. Official Capacity

To the extent Plaintiff sues Defendants for monetary damages in their official capacities, Defendants argue they are immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.,* 242 F.3d 219, 222 (4th Cir. 2001).

5

Faile is the Lancaster County Sheriff and Horne is an employee of the Lancaster County Sheriff's office. [ECF No. 73-2 at 1]. In the state of South Carolina, county sheriffs, their deputies, and staff are State employees. *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992). The State of South Carolina has not consented to be sued. S.C. Code Ann. § 15-78-20(e). Therefore, the undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed, as they are immune from suit. The court retains jurisdiction over Plaintiff's claims against Defendants in their personal capacities.

### 3.     Supervisory Liability

Defendants argue that Plaintiff's amended complaint does not contain sufficient factual allegations against them to establish that they personally violated Plaintiff's constitutional rights. [ECF Nos. 73-1 at 12–13; 73-2 at 1–2, 7]. To state a claim against a defendant in his or her individual capacity, a plaintiff must affirmatively show that the defendant acted personally in the deprivation of the plaintiff's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). While supervisory officials may be held liable for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction

6

and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's amended complaint fails to allege that Defendants had any personal involvement in any of the constitutional violations Plaintiff asserts. Plaintiff also fails to provide any facts to demonstrate that Defendants were aware of, or deliberately indifferent to, any constitutional risk of injury to him. Accordingly, the undersigned recommends that Defendants be granted summary judgment.

        4.      Substantive Claims

With regard to Plaintiff's allegations regarding the conditions of confinement, Plaintiff has failed to show a physical or emotional injury. The Fourth Circuit has held "in order to establish that he has been subjected to cruel and unusual punishment, a prisoner must prove (1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013) (internal quotations and citations omitted). Only an extreme deprivation, that is, a "serious or significant physical or emotional injury resulting from the challenged conditions," or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement. *Id*. Plaintiff alleged he got bronchitis once and has suffered from eye irritation, difficulty breathing and respiratory infections. [ECF No. 29-1 at 5]. However, he has provided no evidence of these injuries or shown that they are a result of the alleged conditions of confinement. His medical records indicate that he reported that he has been suffering from respiratory issues his entire life. [ECF No. 73-3 at 46].

Plaintiff has also failed to show that he is entitled to a law library. There is no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008).

Although Plaintiff is entitled to medical care, he has not shown that he is entitled to a medical health care provider to be located at the detention center. Plaintiff does not allege that he has been denied medical care, and Horne stated that Plaintiff received mental health evaluations numerous times during his incarcerations at LCDC. [ECF No. 73-2 at 2]. Finally, with regard to Plaintiff's allegations that he was prohibited from receiving religious pamphlets from his mother, Plaintiff has provided insufficient information to allow the court to evaluate his claim.

For the foregoing reasons, Defendants are entitled to summary judgment on all of Plaintiff's claims.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion for summary judgment [ECF No. 73].

IT IS SO RECOMMENDED.

October 31, 2014                                  Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).